## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PIERRE WATSON,

       *Plaintiff,*

  vs.

       Case No. 13-cv-3035-EFM

JOSH EVANS, et al.,

       *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Pierre Watson proceeds *pro se* and *in forma pauperis* on an amended complaint he filed while incarcerated in the United States Penitentiary in Leavenworth, Kansas.  In his amended complaint, Plaintiff seeks compensatory and punitive damages alleging violations of his constitutional rights under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*.[1]   Three of the four named Defendants—USP Leavenworth Warden Lisa Hollingsworth, Bureau of Prisons ("BOP") Regional Counsel Richard Schott, and BOP Regional Director Michael Nalley—have filed a Motion to Dismiss Plaintiff's Complaint, Or in the Alternative, for Summary Judgment (Doc. 34), which is presently before the Court.  For the following reasons, the Court grants Defendants' motion.

---

[1] 403 U.S. 388 (1971).

## I.    Factual and Procedural Background[2]

Plaintiff Pierre Watson is a former federal inmate who was previously incarcerated at USP Leavenworth.  Plaintiff served a seventy month sentence for bank fraud, in violation of 18 U.S.C. §§ 1344 & 2, which was imposed by the U.S. District Court for the Eastern District of Missouri.  Plaintiff was first incarcerated with the BOP on September 30, 2009.  He was incarcerated at USP Leavenworth from June 8, 2011, through September 14, 2011.   On December 27, 2013, he transferred to a halfway house, and was released from his federal sentence on May 8, 2014, via good-conduct time.

Plaintiff asserts that on June 27, 2011, Senior Correctional Officer Defendant Evans physically assaulted him causing severe face and head trauma.  Plaintiff alleges that Defendant Hollingsworth conspired with Defendant Schott and Defendant Nalley by failing to discipline Defendant Evans for his actions against Plaintiff; by keeping Plaintiff in the Special Housing Unit after the alleged assault; and by failing to answer grievances, letters, and correspondence from other agencies.   Plaintiff also asserts that Defendant Hollingsworth refused to answer Plaintiff's initial administrative remedy claim, covered up medical reports, attempted to discard security cameras that contained footage of the alleged assault, and refused to answer grievances.

Plaintiff alleges he took the following actions in filing an administrative claim with the BOP regarding the alleged assault and Defendants' subsequent conduct:  Plaintiff claims that on June 29, 2011, he filed an informal resolution form at USP Leavenworth concerning medical attention that went unanswered; Plaintiff claims that on July 16, 2011, he filed an institution-

---

[2] Because Defendants filed an alternative motion for summary judgment, the Court has set forth the uncontroverted facts, and they are related in the light most favorable to the non-moving party in accordance with summary judgment procedures.

level administrative remedy concerning being assaulted and not receiving adequate medical attention; on August 3, 2011, Plaintiff allegedly filed an appeal to the Regional Director that was unanswered; and on August 25, 2011, Plaintiff allegedly filed a Central Office appeal that was unanswered.

The BOP has a four-part administrative remedy program designed to address a federal inmate's concerns regarding any aspect of his or her confinement.  Since July 1990, the BOP has maintained information regarding inmate administrative complaints filed under the BOP's Administrative Remedy Program in a national database called "SENTRY."  This database tracks administrative grievances filed by prisoners and allows a search of claims and their subject matters.  The administrative records in the SENTRY database are not purged and can be searched as far back as inception of the system.

A review of Plaintiff's administrative remedy data shows that Plaintiff filed twenty-seven administrative remedy claims during his incarceration.  The data states that Plaintiff filed Administrative Remedy No. 654097-R1 on August 29, 2011, to the North Central Region concerning an "Assault by Staff."[3]  This claim was rejected because (1) it was submitted to the wrong level or office; (2) it should have been filed at the institution level before filing at the region; and (3) Plaintiff did not attempt information resolution before submission of an administrative remedy and/or Plaintiff did not provide necessary evidence of attempt at informal resolution.  Plaintiff also filed Administrative Remedy No. 654441-F1 on August 31, 2011, to the institution.  The claim was rejected because (1) Plaintiff did not submit his remedy through his counselor or other authorized person; (2) Plaintiff did not submit a complete set (4

---

[3] SENTRY Administrative Remedy Data, Doc. 35-2, p. 36.

carbonized copies) of the request or appeal form; (3) Plaintiff did not attempt information resolution before submission of an administrative remedy and/or Plaintiff did not provide necessary evidence of attempt at informal resolution; (4) Plaintiff may only submit one letter-sized continuation page; and (5) Plaintiff's request was untimely.  The rejection also informed Plaintiff that that the matter was referred to an appropriate department for review.

Plaintiff filed this lawsuit on February 28, 2013.  He subsequently filed an amended complaint on January 21, 2014, alleging violations of his Eighth Amendment rights and seeking compensatory and punitive damages as authorized by *Bivens*.  The Court issued summons for all four Defendants.  Although Defendants Schott and Nalley were properly served, the process packets for Defendants Hollingworth and Evans were returned unexecuted.  Defendant Hollingsworth, however, still sought and obtained authority for representation in this suit by the Department of Justice.[4]  Defendants Hollingsworth, Schott, and Nalley then filed a Motion to Dismiss Plaintiff's Complaint Or in the Alternative for Summary Judgment (Doc. 35).

## II.    Analysis

Plaintiff brings this action under *Bivens* alleging violations of his Eighth Amendment rights.  In *Bivens*, the Supreme Court recognized an implied private right of action for money damages by victims seeking relief against federal agents who committed constitutional violations in the performance of their official duties.[5]  A *Bivens* action is the federal counterpart to actions

---

[4] Defendant Evans has not sought representation from the Department of Justice, and as of the date of this Order, he still has not been served.  Accordingly, Defendant Evans has not joined in Defendant Hollingsworth, Schott, and Nalley's Motion to Dismiss, Or in the Alternative, Motion for Summary Judgment.

[5] 403 U.S. at 396-97.

brought against state officials under 42 U.S.C. § 1983.[6]  "A plaintiff asserting a claim under *Bivens* must show the violation of a valid constitutional right by a person acting under color of federal law."[7]

Plaintiff asserts claims against Defendants Hollingsworth, Schott, and Nalley in both their official and individual capacities.  Defendants contend that Plaintiff's claims against them in their official capacity should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  Defendants also contend that Plaintiff's claims against them in their individual capacity should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, or in the alternative, the Court should grant summary judgment in their favor.  The Court first will address Plaintiff's claims against Defendants in their official capacity and then Plaintiff's claims against Defendants in their individual capacity.

## A.    Official Capacity Claims

### 1.  Rule 12(b)(1) Standard

Under Rule 12(b)(1), a court may dismiss a complaint based on lack of jurisdiction over the subject matter of the complaint.  Because federal courts are courts of limited jurisdiction, they presume a lack of jurisdiction.[8]  Plaintiffs bear the burden of alleging sufficient facts to overcome this presumption.[9]

---

[6] *Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006).  Because a *Bivens* suit and a § 1983 suit are equivalent, this Court cites to both *Bivens* and § 1983 cases as authority.

[7] *Deville v. Crowell*, 2011 WL 4526772, at *4 (D. Kan. Sept. 28, 2011).

[8] *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

[9] *Id.*

Rule 12(b)(1) motions generally take two forms.[10]  The first form is a facial attack on the complaint's allegations as to subject matter jurisdiction.[11]  In reviewing this form, a court must accept the allegations in the complaint as true.[12]  The second form is a factual attack, which goes beyond the allegations in the complaint, and challenges the facts upon which subject matter jurisdiction depends.[13]  When reviewing a factual attack, a court may not presume the truthfulness of the complaint's factual allegations.[14]  A court has wide discretion to review outside documents, such as affidavits.[15]

## 2.  Lack of Subject Matter Jurisdiction

To the extent Plaintiff has asserted claims against Defendants in their official capacity, these claims are construed as claims against the United States.[16]  Sovereign immunity shields the federal government and its agencies from suit absent a waiver.[17]  "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."[18]  A plaintiff has the burden to show that the federal government has waived

---

[10] *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

[11] *Id.* at 1002.

[12] *Id.*

[13] *Id.* at 1003.

[14] *Id.*

[15] *Id.*

[16] *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) ("When an action is against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States.")

[17] *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999).

[18] *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

sovereign immunity.[19]  Any waiver of governmental immunity must be narrowly construed in favor of the government.[20]  It will not be implied.[21]

The United States has not waived its sovereign immunity for constitutional misconduct.[22]  Therefore, *Bivens* claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities.[23]  Accordingly, Plaintiff's claims against Defendants Hollingsworth, Schott, and Nalley in their official capacity are barred by sovereign immunity.

**B.    Individual Capacity Claims**

**1.  Rule 56 Standard**

Both parties provide evidence outside the pleadings, and therefore, the Court construes Defendants' Motion to Dismiss under Rule 12(b)(6) as one for summary judgment under Rule 56.[24]

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[25]  A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the

---

[19] *See Normandy Apartments, Ltd. vs. U.S. Dep't of Housing & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009).

[20] *See Lane v. Pena*, 518 U.S. 187, 192 (1996).

[21] *Id.*

[22] *See FDIC v. Meyers*, 510 U.S. 471, 477-78 (1994) (holding actions for constitutional torts may not lie against the United States).

[23] *Id.*; *see also Farmer v. Perrill*, 275 F.3d 958, 963 (2001).

[24] *See* Fed. R. Civ. P. 12(d) (stating that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"); *Wells v. Shalala*, 228 F.3d 1137, 1140 n. 1 (10th Cir. 2000); *see also Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006) (finding that the plaintiff had "explicit notice" where the motion's title referenced summary judgment in the alternative and the motion included materials outside the pleadings).

[25] Fed. R. Civ. P. 56(c).

proffered evidence permits a reasonable jury to decide the issue in either party's favor.[26]   The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.[27]   If the movant carries this initial burden, the nonmovant that bears the burden of persuasion at trial may not simply rest on its pleading but must instead "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.[28]   These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[29]   The Court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[30]

Plaintiff is proceeding pro se.  The Court therefore reviews his pleadings, including those related to Defendants' motion, "liberally and holds them to a less stringent standard than those drafted by attorneys."[31]   The Court, however, cannot assume the role of advocate for the pro se litigant.[32]   Likewise, Plaintiff's pro se status does not relieve him from the obligation to comply with procedural rules, including the Federal Rules of Civil Procedure.[33]

---

[26] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[27] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[28] *Id.* (citing Fed. R. Civ. P. 56(e)).

[29] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[30] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[31] *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (quotations omitted).

[32] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

[33] *Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2002).

## 2. Exhaustion of Administrative Remedies

Defendants first argue that the Court should grant summary judgment in their favor because Plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA") requires inmates to exhaust "such administrative remedies as are available" before initiating suit over prison conditions.[34] This exhaustion requirement applies to Plaintiff's claims brought under *Bivens*.[35] When a prisoner fails to present claims through the full administrative remedy process, such claims are subject to dismissal.[36] In addition, "[f]ailure to exhaust is an affirmative defense under the PLRA."[37] Accordingly, the burden of proof is on Defendants.[38]

The administrative remedy process available to inmates in federal custody is the BOP's Administrative Remedy Program.[39] Under this program, an inmate must first attempt informal resolution of the inmate's grievance.[40] If unsuccessful, the inmate may then submit a complaint to the Warden of the prison with a copy of the informal resolution attached.[41] An inmate has twenty days from the time of the incident to submit a complaint to the Warden.[42] If the inmate

---

[34] 42 U.S.C. § 1997e(a).

[35] *See Porter v. Nussle*, 534 U.S. 516, 525 (2002) ("[F]ederal prisoners suing under *Bivens* . . . , must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit.")

[36] *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought into court.").

[37] *Jones*, 549 U.S. 199.

[38] *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

[39] *See generally*, 28 C.F.R. Part 542, Subpart B.

[40] 28 C.F.R. § 542.13

[41] *Id.*

[42] *Id.* § 542.14.

is not satisfied with the Warden's response to his complaint, he may appeal to the appropriate Regional Director, and then finally to the Director, National Inmate Appeals, in the Office of the General Counsel.[43]   Where an inmate reasonably believes a matter is sensitive and would endanger his safety or well-being if its substance were widely known, the inmate may submit his initial complaint directly to the Regional Manager instead of the Warden.[44]   The Regional Manager may accept the request or may advise the prisoner to initiate the grievance procedure at the local level.[45]

An inmate is required to comply with the BOP's Administrative Remedy Program even if the inmate is released during pendency of the litigation.  The Tenth Circuit has held that the time frame for determining whether a plaintiff is required to exhaust his administrative remedies under the PLRA is whether the plaintiff was incarcerated at the time he filed suit.[46]   Here, Plaintiff filed his original complaint on February 28, 2013.  It is undisputed that Plaintiff was incarcerated at the time he filed suit.  Therefore, he was required to comply with the PLRA's exhaustion requirement.

Defendants assert that Plaintiff failed to exhaust administrative remedies on the claims he asserts under *Bivens*, namely, his claims concerning the alleged assault in June 2011, the alleged tampering of evidence, his improper placement in the Special Housing Unit, failure to respond to grievances or correspondence from other agencies, and an overall conspiracy.  Defendants have attached two pages of entries from the SENTRY database showing Plaintiff's administrative

---

[43] *Id*. § 542.15(a).

[44] *Id*. § 542.14(d).

[45] *Id*.

[46] *Norton v. City of Martietta*, 432 F.3d 1145, 1150 (10th Cir. 2005).

remedy claims.  Two of these entries—Remedy-ID Nos. 654097-R1 and 654441-F1—reference "assault by staff" and "alleges assault by staff."[47]  Plaintiff filed Remedy-ID No. 654097-R1 with the North Central Region.  It was rejected because (1) Plaintiff submitted it to the wrong office; (2) Plaintiff should have filed the remedy at the institution level; and (3) Plaintiff did not attempt informal resolution or provide necessary evidence of informal resolution.   Plaintiff then submitted Remedy ID No. 654441-F1 to the institution.  It was rejected because (1) Plaintiff did not submit the remedy through his counsel or other authorized person; (2) Plaintiff did not submit a complete set of the request appeal form; and Plaintiff did not attempt informal resolution or provide necessary evidence of informal resolution; (3) Plaintiff may only submit one letter-sized continuation page; and (4) Plaintiff's request was untimely.

The Court finds the rejection of Plaintiff's administrative claims to be hypertechnical and not within the spirit of the PLRA.  The BOP's Administrative Remedy Program should be enforced so that it addresses and resolves inmates' disputes and grievances.  Instead, the BOP appears to be taking advantage of uncounseled and unrepresented inmates by rejecting their administrative claims on trivial procedural matters.  The evidence shows that Plaintiff filed his first administrative claim with the Regional Office in accordance with the BOP's exception that allows inmates to file sensitive grievances at the regional level.  When that was rejected, Plaintiff filed a second administrative claim at the institution level that was once again rejected on minor technicalities.  Defendants' reliance on minor technicalities is not enough to overcome Plaintiff's

---

[47] SENTRY Administrative Remedy Data, Doc. 35-2, p. 36.

efforts to comply with BOP procedure and insufficient to show that Plaintiff did not comply with the PLRA's exhaustion requirement regarding his assault claim.[48]

In addition, the Court finds that Defendants did not meet their burden to show that Plaintiff did not exhaust his administrative remedies with respect to his claims of evidence destruction, improper placement in the Special Housing Unit, and conspiracy.  With regard to these claims, Defendants only refer the Court to the two page attachment from the SENTRY database showing Plaintiff's administrative claims.  The Court, however, cannot discern from this attachment that Plaintiff failed to exhaust his remedies with respect to these claims.  The attachment only contains general labels regarding the content of Plaintiff's claims, and several labels describing Plaintiff's filings contain acronyms that hold no meaning for the Court.  These labels do not provide sufficient information for the Court to determine what administrative claims Plaintiff actually filed.  Furthermore, Plaintiff has submitted evidence showing that in claim No. 654441-F1, he specifically brought up the issue that he was improperly placed in the Special Housing Unit.  Therefore, the Court finds that Defendants have not met their burden to show that Plaintiff failed to exhaust his administrative remedies.

### 2.    Qualified Immunity

Defendants next assert that they are entitled to qualified immunity on Plaintiff's claims. Qualified immunity protects government officials performing discretionary functions from

---

[48] Plaintiff's second administrative claim—No. 654441-F—was rejected in part because it was untimely. Unlike the other reasons listed in the BOP's rejection notices, the Court finds that timeliness may be a valid basis for finding that an inmate did not exhaust his administrative remedies.  In this case, however, there is a question of fact regarding whether Plaintiff's administrative claim was timely filed.  Defendants' records indicate that Plaintiff filed his administrative claim at the institution level on August 31, 2011, which is not within the required twenty day time period.  In his response, however, Plaintiff submitted an "Administrative Remedy Request" that is labeled Case Number 654441-F1 and shows that it was signed by Plaintiff on July 15, 2011, which is within the twenty day time period.

individual liability under *Bivens* unless their conduct violates " 'clearly established statutory or constitutional rights of which a reasonable person would have known.' "[49]  To avoid summary judgment when a defendant asserts qualified immunity, a plaintiff must show " '(1) that the defendant's actions violated a constitutional or statutory right and (2) that the right was "clearly established at the time of the defendant's unlawful conduct.' "[50]

Plaintiff essentially alleges that Defendants violated his constitutional rights by failing to discipline Defendant Evans for his alleged assault of Plaintiff, by failing to respond to various forms of correspondence or agency grievances related to the alleged assault, and by placing him in the Special Housing Unit after the alleged assault.  Plaintiff also asserts that Defendant Hollingsworth covered up medical reports and attempted to destroy video footage of the alleged assault.  Defendants assert that these allegations do not equate to a violation of a constitutional right.  The Court agrees.

### a.  Failure to Discipline

With regard to Defendants' alleged failure to discipline Defendant Evans, Plaintiff appears to be seeking to impose supervisor liability.  Under § 1983 or *Bivens*, government officials are not vicariously liable for their subordinate's misconduct.[51]  Therefore, to hold a supervisor liable for his subordinate's unconstitutional acts, a plaintiff must show an "affirmative link" between the supervisor and the constitutional violation.[52]  A showing of this "affirmative

---

[49] *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[50] *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (quoting *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001)).

[51] *Id.* at 1151 (citing *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996)).

[52] *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

link" requires more than a supervisor's knowledge of his subordinate's conduct.[53]  Instead, it requires (1) personal involvement; (2) sufficient causal connection; and (3) culpable state of mind.[54]  In sum, "§ 1983 [or Bivens] allows a plaintiff to impose liability upon a defendant supervisor who creates, promulgates, implements, or in some other way possesses responsibility of the continued operation of a policy the enforcement . . . of which 'subjects, or causes to be subjected' that plaintiff 'to the deprivation of any rights . . . secured by the Constitution.' "[55]

Here, Plaintiff has not established supervisor liability because he has not shown an "affirmative link" between Defendants' conduct and Defendant Evans' alleged assault. Plaintiff's evidence with regard to Defendants Schott and Nalley is sparse.  The only evidence Plaintiff has submitted in regard to these Defendants is correspondence between Plaintiff or his family and Defendants that shows Defendants Schott and Nalley became aware of the assault after it occurred.  Mere knowledge of Defendant Evans' conduct, however, is not enough to create supervisor liability.  Furthermore, this correspondence does not show that Defendants Schott and Nalley created or acquiesced in a policy or environment that allowed correction officers to unlawfully assault prisoners.  Defendants Schott and Nalley are therefore entitled to qualified immunity on this issue.

With regard to Defendant Hollingsworth, Plaintiff appears to argue that she was aware of problems with Defendant Evans and Plaintiff's housing unit before the alleged assault.  But, Plaintiff provides no documents in support of these allegations or any specifics about Defendant Hollingsworth's knowledge regarding Defendant Evans or Defendant Evans' prior conduct as a

---

[53] *Id.*

[54] *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (citations omitted).

[55] *Id.* at 1199 (quoting 42 U.S.C. § 1983).

correctional officer at USP Leavenworth.  Plaintiff also relies on a Report of Incident Form to show factual irregularities in witness statements regarding the assault.  This form, however, is not enough to impose liability, as it does not provide any evidence that Defendant Hollingsworth personally directed Defendant Evans to assault Plaintiff, that she knew Defendant Evans was personally assaulting Plaintiff and did not stop him, or that she ordered USP Leavenworth staff to provide false statements regarding the assault.  It also does not show that she created or enforced a policy that encouraged correctional officers to assault prisoners at USP Leavenworth. Therefore, Defendant Hollingsworth is entitled to qualified immunity on this issue as well.

### b. Failure to Answer Administrative Remedies and General Correspondence; Continued Placement in the Special Housing Unit

Plaintiff also asserts in his amended complaint that Defendants failed to answer certain administrative remedies.  Neither the parties nor the Court has found any authority that the failure to respond to correspondence or grievances is a violation of a constitutional right. Plaintiff may be alleging a claim for denial of access to the courts or to the administrative remedy process.  However, to succeed on a claim for denial of access to the courts, a prisoner must show that a defendant's conduct caused him actual injury by frustrating or hindering his efforts to pursue a non-frivolous claim.[56]  Plaintiff's evidence does not show that he suffered actual injury in bringing his claim.  Indeed, the fact that he filed this case and was able to file at least two administrative claims contradicts any argument he may make that this constitutional right was violated.

---

[56] *Boles v. Newth*, 479 App'x 836, 841 (10th Cir. 2012) (citing *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010).

Plaintiff's remaining allegations against Defendants are also deficient.  Specifically, the allegation that Defendants did not respond to general correspondence from him, his family members, or other agencies does not amount to a constitutional violation.[57]   Neither does Plaintiff's allegation that he was held in the Special Housing Unit after the assault.  As the Tenth Circuit has stated,

> "[i]n the penological context, not every deprivation of liberty at the hands of prison officials has constitutional dimension.  This is so because incarcerated persons retain only a narrow range of protected liberty interests.  For example, a liberty interest may arise when an inmate faces conditions of confinement that impose an atypical and significant hardship . . .  in relation to the ordinary incidents of prison life."[58]

The Tenth Circuit typically looks at four non-dispositive factors in determining whether certain conditions of confinement impose an " 'atypical and significant hardship.' "[59]  These include "whether (1) the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) the conditions of placement are extreme; (3) the placement increases the duration of confinement, . . .; and (4) the placement is indeterminate."[60]  Plaintiff has not submitted any evidence showing that the conditions in the Special Housing Unit were extreme or that the placement lengthened his sentence or was indefinite in nature.  Therefore, Plaintiff fails to allege a violation of a constitutional right with respect to his placement in the Special Housing Unit.

---

[57] *See Davis v. Ark. Valley Corr. Facility*, 99 F. App'x 838, 844 (10th Cir. May 20, 2004) (finding that the mere fact that the defendant received correspondence from the inmate concerning the alleged constitutional violation does not implicate liability under § 1983).

[58] *Stallings v. Werholtz*, 492 F. App'x 841, 843-44 (10th Cir. 2012) (quoting *Rezaq v. Nalley*, 677 F.3d 1001, 1011 (10th Cir. 2012)).

[59] *Id*. at 844 (quoting *Rezaq*, 677 F.3d at 1011-12).

[60] *Id*. (quoting *Rezaq*, 677 F.3d at 1012).

### c.  Destruction of Evidence

Plaintiff specifically argues that Defendant Hollingsworth covered up medical reports and attempted to destroy video footage of the assault.  Plaintiff, however, has not come forward with any evidence supporting these allegations, and standing alone, these allegations are simply speculation that do not support the violation of a constitutional right.  At most, Plaintiff may be alleging that his due process rights were violated due to the destruction of evidence.  However, Plaintiff has not shown that he was prosecuted for his conduct during the alleged assault.[61]  Thus, qualified immunity prevents Defendant Hollingsworth from being held liable for these claims.

In sum, the Court finds that Plaintiff fails to satisfy the first prong of the two-part test for qualified immunity in that Plaintiff has not shown a violation of a constitutional right.  Accordingly, the Court finds that Defendants are entitled to qualified immunity and grants Defendants summary judgment in their favor on this issue.

### 3.     Personal Participation

Defendants' final argument is that Plaintiff's claim regarding their failure to discipline Defendant Evans should be dismissed for lack of personal participation.  It is well established that a defendant's personal participation in the alleged violation of a plaintiff's constitutional right is an essential allegation in a *Bivens* action.[62]  To establish personal liability, a plaintiff must show that the official caused the deprivation of a federal right.[63]

---

[61] *See Pierce v. Gilchrist*, 359 F.3d 1279, 1299 (10th Cir. 2004) ("[A] defendant's due process rights are implicated when the state knowingly uses false testimony to obtain a conviction or withholds exculpatory evidence from the defense.") (citing *Pyle v. Kansas*, 317 U.S. 213 (1942); *Brady v. Maryland*, 373 U.S. 83 (1963)).

[62] *Deville*, 2011 WL 4526772, at *5 (citing *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976)).

[63] *Id.*

-17-

In the context of supervisor liability, which Plaintiff asserts in this case, the Court's analysis is similar, if not identical, to the analysis it employed in determining whether Defendants are entitled to qualified immunity.  As previously discussed, a plaintiff may only impose liability on a defendant supervisor if that defendant-supervisor "creates, promulgates, implements, or in some other way possesses responsibility" for the operation of a policy that subjects the plaintiff to a deprivation of a constitutional right.[64]   Indeed, there must be an "affirmative link" between the unconstitutional act of the defendant's subordinate and the defendant-supervisor's adoption of a plan or policy showing their authorization or approval of such misconduct.[65]

Here, the record is devoid of any proof of Defendants' personal participation in the alleged assault.  Plaintiff does not offer any evidence that Defendants personally participated in the assault or knew of the assault and did not take steps to stop it.  Plaintiff also has not provided any evidence that Defendants created or enforced a policy in the USP Leavenworth that encouraged correctional officers to assault prisoners.  The only evidence Plaintiff relies on is documents that post-date the alleged assault that show that Defendants were aware of the incident after it occurred.  This is not sufficient.  Therefore, the Court grants summary judgment in Defendants' favor on this issue as well.

---

[64] *Dodds*, 614 F.3d at 1199 (citations omitted).

[65] *Id*. at 1200-01.

**IT IS THEREFORE ORDERED** that Defendants Hollingsworth, Schott, and Nalley's Motion to Dismiss Plaintiff's Complaint Or, in the Alternative, for Summary Judgment (Doc. 34) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 17th day of December, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE