IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PIERRE WATSON,

    *Plaintiff,*

vs.

    Case No. 13-3035-EFM

JOSH EVANS, *et al.*,

    *Defendants.*

**MEMORANDUM AND ORDER**

Plaintiff Pierre Watson filed this case against Defendants Lisa Hollingsworth, Richard Schott, Michael Nalley, and Josh Evans alleging violations of his constitutional rights under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*.[1] On December 17, 2014, the Court granted Defendants Hollingsworth, Schott, and Nalley's Motion to Dismiss, or in the Alternative, for Summary Judgment.[2] The Court, however, did not enter final judgment because Plaintiff never served Defendant Josh Evans, and thus, Evans did not join in the dispositive motion filed by the other Defendants. Currently before the Court is Plaintiff's "Response to the Court's Memorandum for Dismissal" (Doc. 64), which the Court has docketed as a motion for reconsideration. For the reasons set forth below, the Court denies Plaintiff's

---

[1] 403 U.S. 388 (1971).

[2] Co-defendant Josh Evans has never been served and did not seek representation from the U.S. Department of Justice. Thus, he did not join in the dispositive motion filed by the other Defendants.

motion.

Plaintiff proceeds *pro se*, and his motion does not indicate the grounds under which he is seeking reconsideration. A party may file a motion for reconsideration of a non-dispositive order under D. Kan. Rule 7.3(b). For dispositive orders, D. Kan. Rule 7.3(a) requires the party to seek relief under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60.[3] In this case, the Court has not entered final judgment because the Order that Plaintiff asks the Court to reconsider does not dispose of all claims against all the parties in this case. Therefore, the Court will construe Plaintiff's motion as seeking reconsideration of a non-dispositive order under D. Kan. Rule 7.3(b).[4]

A motion seeking reconsideration "must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[5] Plaintiff asserts that he was unable to file a response to Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment, because that motion, the supporting memorandum, and the notice of pertinent rules were sent to the wrong address. If true, this may provide a basis for the Court to grant reconsideration. However, the records in this case show that the documents were sent to the correct address, that Plaintiff filed

---

[3] *See* D. Kan. Rule 7.3(a) ("Parties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed.R.Civ.P. 59(e) or 60. The court will not grant reconsideration of such an order or judgment under this rule.").

[4] The Court recognizes that there is some uncertainty within the District of Kansas as to whether orders disposing of some, but not all claims, are dispositive or non-dispositive. *See Jordan v. Sprint Nextel Corp.*, 3 F. Supp. 3d 917, 935-36 (D. Kan. 2014) (citation omitted). In these circumstances, courts within this District have construed the motion as one for reconsideration under D. Kan. Rule 7.3(b) or as one to alter or amend judgment under Fed. R. Civ. P. 59(e). *See, e.g., Jordan*, 3 F. Supp. 3d at 935; *Ferluga v. Eickhoff*, 236 F.R.D. 546, 549 (D. Kan. 2006); *Nyhard v. U.A.W. Intern.*, 174 F. Supp. 2d 1214, 1216 (D. Kan. 2001). This is a distinction without a difference as the legal standards applicable to a D. Kan. Rule 7.3(b) motion or a Rule 59(e) motion are essentially identical. *Jordan*, 3 F. Supp. 3d at 935-36 (citations omitted).

[5] D. Kan. Rule 7.3(b).

motions indicating that he received those documents, and that he filed a timely response to Defendants' motion.[6]

Plaintiff also revisits his allegations that Defendants acted negligently, conspired to cover up the actions of Defendant Evans, and made false statements. "[A] motion for reconsideration . . . [is an] inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."[7] The Court already examined Plaintiff's allegations when it decided Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment. Plaintiff's argument does nothing more than to ask the Court to take another look at them. The Court therefore denies Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Response to the Court's Memorandum for Dismissal (Doc. 64) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 5th day of February, 2016.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[6] Defendants' Motion for Summary Judgment was filed on May 14, 2014, at Docket No. 34. On June 2, 2014, Plaintiff filed a Motion for Extension of Time to File a Response to Defendants' motion at Docket No. 37, which the Court granted. Plaintiff then filed another motion requesting an extension of time to respond on August 25, 2015, at Docket No. 41, which the Court granted. Plaintiff filed his response to Defendants' motion on September 17, 2014, at Docket No. 46.

[7] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).